IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

MAGGIE DREW, an Individual,                     )
                                                )
                    Plaintiff,                  )
                                                )
vs.                                             )
                                                )
BOYD HOUSEHOLDER, STEPHANIE                     )
HOUSEHOLDER, husband and wife, CIRCLE OF        )
HOPE GIRLS RANCH AND BOARDING                   )        Case No. 6:22-cv-03211-MDH
SCHOOLS, JEFFREY ABLES, Individually and as     )
Director of Circle of Hope Girls Ranch and Boarding )
Schools, AGAPE BOARDING SCHOOL, AGAPE           )
BAPTIST CHURCH, INC., and JAMES                 )
CLEMENSON (deceased),                           )
                                                )
                    Defendants.                 )

## MOTION TO DISMISS PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES

COME NOW Defendants Circle of Hope Girls' Ranch and Boarding Schools, Boyd

Householder, and Stephanie Householder (hereinafter referred to as "these Defendants"), by and

through counsel of record, Franke Schultz & Mullen, P.C., and for their Motion to Dismiss

Plaintiff's Prayer for Punitive Damages contained within Plaintiff's Petition for Damages, state

as follows:

1.      Plaintiff herein prays for punitive damages in the first paragraph of her prayer of

her Petition for Damages, on page 28.

2.      Plaintiff has not, and cannot, prove by clear and convincing evidence that these

Defendants intentionally harmed the plaintiff without just cause. As a result, the plaintiff cannot

establish Missouri's standards for a punitive damage award under Section 520.261.1 of the

Missouri Revised Statutes. As such, the Court should dismiss the prayer for punitive damages of Plaintiff's Petition for Damages, given that such prayer is without merit.

3.     The plaintiff must follow the procedure and fulfill the standards required by Section 510.261 before punitive damages are permitted to be pleaded. RSMo. § 510.262.

4.     The requirement under 510.261.1 is:

"Except as otherwise provided by statute, punitive damages shall not be awarded unless the claimant proves by clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the safety of others."

5.     Furthermore, plaintiff cannot seek punitive damages through pleading, unless and until the plaintiff has provided evidence that is clear and convincing, to the Court, that a jury could reasonably conclude that the standards for a punitive damage award have been met.

6.     The statute is clear that any such plea shall not occur in the initial phase of a case, by stating, without any confusion or ambiguity, at 510.261.5, that:

"No initial pleading in a civil action shall contain a claim for a punitive damage award."

7.     That plaintiff has included the prayer is offensive and in flagrant disregard for the statute.

8.     Given the statutory sections cited above and that plaintiff has provided zero evidence at this time, the prayer wherein plaintiff seeks punitive damages in her initial pleading in this civil action, should be dismissed or stricken at this time.

WHEREFORE, these Defendants seek an Order of this Court dismissing the prayer for punitive damages as a form of relief, from Plaintiff's Petition for Damages, and for such other further relief as this Court deems just and proper under the circumstances.

FRANKE SCHULTZ & MULLEN, P.C.

BY: /s/ Cara R. Rose
  Cara R. Rose  MO 58992
  1919 E. Battlefield, Suite B
  Springfield, MO 65804
  (417) 863-0040 FAX - (417) 863-6286
  crose@fsmlawfirm.com

ATTORNEYS FOR DEFENDANTS BOYD
HOUSEHOLDER, STEPHANIE HOUSEHOLDER,
AND CIRCLE OF HOPE GIRLS RANCH AND
BOARDING SCHOOLS

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 30, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

FRANKE SCHULTZ & MULLEN, P.C.

/s/ Cara Rose
Cara Rose